**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2021[*]
Decided May 19, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2398

| | |
|---|---|
| MICHAEL VAN CASTER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cv-845-jdp |
| RANDALL HEPP, et al., *Defendants-Appellees*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

Michael Van Caster, a Wisconsin prisoner suffering gastrointestinal and kidney ailments, appeals the entry of summary judgment on his constitutional claims against staff members at Fox Lake Correctional Institution. He contends principally that medical staff were deliberately indifferent to his medical needs. Because no reasonable jury could find that the defendants consciously disregarded these needs, we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Before entering the state prison system, Van Caster had been diagnosed with diverticulosis (bulging intestinal pouches). At Fox Lake, he has suffered gastrointestinal symptoms, including diarrhea, constipation, blood in his stool and urine, nausea, and abdominal pain. Between 2016 and 2018, he underwent numerous tests (a colonoscopy, CT scans, x-rays, an ultrasound, and blood tests), saw several outside specialists, (including a gastroenterologist and dietician), was prescribed multiple medications, and underwent several bowel purges. Medical staff also counseled him on behavioral changes, such as his sleep schedule, exercise regimen, and dietary choices—none of which resolved his symptoms. He was diagnosed with irritable bowel syndrome, diverticulitis (inflammation of the intestinal pouches), and kidney cysts.

Van Caster, who maintains that he was in good health before his incarceration, attributes his symptoms to "contaminants in [the] water" at Fox Lake. In 2017, he joined an unsuccessful Eighth Amendment suit brought by inmates at Fox Lake over the safety and quality of the drinking water at the facility. *See Stapleton v. Carr*, 438 F. Supp. 3d 925, 928 (W.D. Wis. 2020). In 2018, he filed three grievances against prison medical staff, alleging that they were hostile toward him and failed to provide the care necessary to resolve, rather than just manage, his symptoms. In response to one grievance, the prison changed his doctor, but dismissed his other grievances based on appointments already scheduled for him with outside specialists.

Van Caster then brought this suit under 42 U.S.C. § 1983, asserting that prison staff failed to treat his gastrointestinal and kidney conditions, ignored grievances related to his medical treatment, and destroyed or refused to forward his legal mail.

The district court granted the defendants' motion for summary judgment. Regarding Van Caster's gastrointestinal symptoms, the court ruled that the totality of the evidence would not permit a reasonable jury to find that prison staff either consciously ignored his serious medical needs or treated him in a manner well outside the scope of accepted medical practice. The court deemed reasonable the treatment decisions (involving a wide range of medications, as well as bowel purges, and counseling about diet, liquid intake, and exercise), which had been reinstated by a University of Wisconsin specialist-nurse practitioner after being cancelled in 2018. As for the decision merely to monitor his kidney cysts and blood in his urine, the court similarly found that no jury could find deliberate indifference. Even if his treating nurse negligently failed to order further tests after blood was found in his urine, there was no evidence that her inaction was deliberate (indeed, the CT scan showed that the cysts were benign, and Van Caster's symptoms did not worsen). Finally, with regard to his

claim that prison officials interfered with his access to the courts, the court found no evidence to suggest that prison officials mishandled his grievances or destroyed his legal mail.

On appeal Van Caster maintains that prison medical staff were deliberately indifferent to his serious medical needs because they persisted in an ineffective course of treatment. In his view, more should have been done to find the causes of his conditions—through further testing and surgery—rather than just managing his chronic symptoms.

The district court appropriately ruled that no reasonable jury could conclude that the prison staff acted with deliberate indifference. As the court explained, the record does not permit an inference that medical staff either purposefully ignored Van Caster's needs or administered blatantly inappropriate care. *See Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 (7th Cir. 2021); *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019). The various therapeutic approaches taken in 2016 and 2017 by his medical providers may not have resolved his chronic gastrointestinal ailments, but they did not reflect an "absence of professional judgment." *Peterson*, 986 F.3d at 752. Van Caster contends that medical staff used "the same repeated treatment plan," but in 2018 he was assigned a new doctor, who canceled many of his prescriptions, ordered testing that confirmed the earlier diagnoses of IBS and diverticulitis, and adjusted his treatment by prescribing several laxatives to be used in combination. Van Caster's disagreement with this course of treatment is insufficient, by itself, to establish an Eighth Amendment violation. *Lockett*, 937 F.3d at 1023–24.

As for the monitoring of Van Caster's kidney cysts and the presence of blood in his urine, the district court also appropriately determined that deliberate indifference could not be inferred. Van Caster has not identified any evidence in the record to suggest that the decision to monitor the cysts and his symptoms shows conscious disregard for his serious medical needs. He says that medical staff "conducted no follow up," but the record reflects that his CT scan showed no need for treatment at the time, that his symptoms were not severe and had not worsened, that his urine tested normal twice in the following months, and that there were no warning signs of infection or inflammation that called for treatment.

Finally, Van Caster continues to assert that at least one of the defendants destroyed or refused to forward his legal mail—specifically mail in which he attempted to recruit counsel for the underlying suit. But he points to nothing in the record to

support this assertion, let alone show how he was prejudiced in a pending legal proceeding. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). In any event, he is not entitled to the appointment of counsel in a federal civil suit. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

AFFIRMED